406 A.2d 806

COMMONWEALTH of Pennsylvania, Appellant,

v.

David Franklin CLARK.

Superior Court of Pennsylvania.

Argued May 8, 1979.

Decided June 22, 1979.

286

William S. Kreisher, Assistant District Attorney, Danville, for Commonwealth, appellant.

Thomas Arthur James, Jr., Bloomsburg, for David Franklin Clark.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

Appellee, David Franklin Clark, was charged with rape, robbery and criminal homicide. On November 24, 1976, he filed a motion to suppress certain evidence, including a statement he gave a psychiatrist during questioning at the police station. The court suppressed the statement. The Commonwealth appeals from that order. We affirm.

During May and June, 1976, police questioned appellee many times concerning the rape, robbery and killing of Dorothy Bonawitz. On June 15, 1976, the police called appellee to the station for further interrogation. During this questioning, appellee, after receiving *Miranda* warnings, gave an incriminating statement to a psychiatrist who, at

---

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania and Judge ABRAHAM H. LIPEZ of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

the request of the Commonwealth and the Pennsylvania State Police, was interviewing appellee for the second time.

■ The suppression court suppressed appellant's statement made to the psychiatrist. The evidence indicates that David Clark, age 17 years and 10 months at the time of the questioning, and his mother believed his statements to the psychiatrist were privileged. Appellee's testimony was that he viewed the psychiatrist as a middleman with whom he wanted to speak before he called a lawyer. The psychiatrist admitted that he considered his evaluation of David to be for the Commonwealth and "not a confidential patient therapy relationship." (N.T.S.H. 396). Given this confusion of roles, it is reasonable to conclude that the psychiatrist was acting as an agent of the Commonwealth. Once a request for counsel was made all questioning had to cease, just as when a police officer or other agent of the Commonwealth questions an accused. *Commonwealth v. Mercier*, 451 Pa. 211, 302 A.2d 337 (1973).

■ Such a request for counsel was made by appellee's mother just before the psychiatrist arrived at the police station. The police ignored her request and had the psychiatrist question appellee, eliciting the inculpatory statement. Mrs. Clark was allowed only two minutes to confer with appellee before the questioning, and one of the officers interrupted the conversation moments after it began to persuade appellee to talk with the psychiatrist. The suppression court correctly concluded that once appellee requested counsel, the questioning had to cease, *Commonwealth v. Mercier*, supra, that appellee did not have an opportunity to consult with his mother, see *Commonwealth v. Barnes*, 482 Pa. 555, 394 A.2d 461 (1978); *Commonwealth v. Smith*, 472 Pa. 492, 372 A.2d 797 (1977), and that therefore appellee's waiver of his *Miranda* rights was not knowing, voluntary and intelligent. See *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974) (plurality opinion).

Order affirmed.